UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN L. JACKSON,<br><br>                                             Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                                             Defendant. | Case No. 3:18-cv-00259-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1).

### **I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis (IFP) if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Plaintiff's complaint names the Social Security Administration, and requests review of the denial of his Social Security disability claim. (ECF No. 1-1.)

Federal courts have sole jurisdiction to conduct judicial review of the Social Security Administration's determination in this regard. *See* 42 U.S.C. § 405(g). It is not clear from the *pro se* complaint whether or not Plaintiff exhausted his administrative remedies with the Social Security Administration, but that is an argument the defendant can raise if it becomes apparent Plaintiff did not do so. Therefore, Plaintiff's complaint shall proceed.

### III. CONCLUSION

(1) Plaintiff's application to proceed IFP (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint shall **PROCEED**. The Clerk is instructed to **FILE** the complaint (ECF No. 1-1).

(3) The Clerk shall **SERVE** the Commissioner of the Social Security Administration by sending a copy of the summons and complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

1   (4) The Clerk shall **ISSUE** a summons to the United States Attorney for the District of Nevada and deliver the summons and a copy of the complaint to the U.S. Marshal for service to the U.S. Attorney's Office at 400 S. Virginia Street, Suite 900, Reno, Nevada 89501.

(5) Henceforth, Plaintiff, or counsel, shall serve upon the defendant, or the defendant's attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to defendant or defendant's counsel. The court may disregard any paper received by a district judge, magistrate judge, or clerk which fails to include a certificate of service.

**IT IS SO ORDERED.**

DATED: July 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE